IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIGNATURE NETWORKS, INC., | No. C 03-4796 SBA |
| Plaintiff, | **ORDER** |
| v. | |
| GLORIA ESTEFAN, et al., | |
| Defendants. | |

This matter comes before the Court on Defendants' "Motion for *De Novo* Reconsideration of the Magistrate Judge's Report and Recommendation on Defendants' Motion for Award of Attorneys' Fees and Costs, and Objections Thereto" and "Plaintiff's Objection to Report and Recommendation on Defendants' Motion for an Award of Attorney's Fees and Costs." After reviewing the papers filed by the parties and conducting a *de novo* review of the Magistrate Judge's Report and Recommendation, the Court DENIES the relief Defendants request, and GRANTS IN PART and DENIES IN PART the relief Plaintiff requests. The Court therefore modifies the Report and Recommendation as detailed below.

**BACKGROUND**

On July 30, 2004, the Court granted Defendants' Gloria Estefan ("Estefan") and Estefan Enterprises, Inc. ("EEI") (collectively, "Defendants") Motion for Summary Judgment [Docket No. 45]. (8/02/04 Order at 8.) Defendants filed a Motion for Attorneys' Fees on August 16, 2004 [Docket No. 70]. On August 27, 2004, the Court granted the parties' stipulated request to extend the time to file an amended motion for attorneys' fees to August 26, 2004 [Docket No. 82]. (8/30/04 Order at 2.) On August 26, 2004, Defendants filed an amended Motion for Attorneys' Fees and Costs [Docket No. 76]. The Court referred Defendants' Amended Motion for Attorneys' Fees to a Magistrate Judge for a Report

and Recommendation. (10/25/04 Order, 1.)

Magistrate Judge Bernard Zimmerman ("the Magistrate") issued a Report and Recommendation on Defendants' Motion for an Award of Attorneys' Fees and Costs ("R&R") [Docket No. 95]. Both Plaintiff Signatures Network, Inc. ("Plaintiff") and Defendants filed objections to the R&R [Docket Nos. 96, 97] and responses to the objections [Docket Nos. 100, 101]. Defendants also filed a motion for *de novo* determination of the Magistrate's R&R with its objections [Docket No. 97] and a Reply in support of the motion [Docket No. 102].

### A.     Underlying Dispute

The underlying dispute arose out of a "Merchandising Licensing Agreement" entered into by Defendants and Plaintiff's predecessor, Sony Signatures, Inc., and the amendments to the agreement. (R&R at 1.) On October 20, 2003, Defendants filed an action in the United States District Court for the Southern District of Florida ("Florida action") seeking a declaratory judgment that they were not obligated to repay un-recouped advances under the agreement, or in the alternative, for rescission of the contract. (Id. at 1-2.) Four days later, Signatures filed the present action ("California action"), seeking recovery of un-recouped advances under the agreement. (Id. at 2.) Signatures also moved to dismiss, stay, or in the alternative, transfer the Florida action. (Id.) Defendants filed a similar motion in this Court. (Id.)

The Honorable Ursula Ungaro-Benages, the district judge presiding over the Florida action, dismissed the Florida action on January 15, 2004. (Id.) Judge Ungaro-Benages found that Defendants had filed the Florida action improperly, as a "preemptive litigation strike used as a means of forum shopping." (Id. at 8.)[1]

Defendants subsequently withdrew their motion to dismiss in the California action and proceeded with litigation in this Court. (Id. at 2.) Ultimately, the Court granted summary judgment in favor of Defendants. (8/02/04 Order.)

### LEGAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 54(d)(2)(D), the Court may refer a motion for

---

[1] Plaintiff filed a motion for attorneys' fees following the disposition of the Florida action. (R&R at 2.) Judge Ungaro-Benages denied the motion because under Florida law, Plaintiff was not a "prevailing party" because the action had been dismissed on procedural grounds. (Id.)

2

attorneys' fees to a magistrate judge under Rule 72(b) as a dispositive pretrial matter. Rule 72(b) allows a magistrate judge to "hear a pretrial matter dispositive of a claim or defense of a party." Fed. R. Civ. P. 72(b). It also governs the procedure for objecting to a magistrate judge's determination of a dispositive pretrial matter:

> A party objecting to the recommended disposition of the matter shall promptly arrange for the transcription of the record, or portions of it as all parties may agree upon or the magistrate judge deems sufficient, unless the district judge otherwise directs. Within 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations. A party may respond to another party's objections within 10 days after being served with a copy thereof. The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b). "The district court cannot simply 'concur' in the magistrate's findings, but it must conduct its own review in order to adopt the recommendations." McCombs v. Meijer, Inc., 395 F.3d 346, 360 (6th Cir. 2005) (citing Massey v. City of Ferndale, 7 F. 3d 506, 510-11 (6th Cir. 1993)).

Northern District Civil Local Rule 72-3 requires that an objection filed pursuant to Rule 72(b) "must be accompanied by a motion for *de novo* determination, specifically identify the portions of the Magistrate Judge's findings, recommendation or report to which objection is made and the reasons and authority therefor." N.D. Civil L.R. 72-3(a). In addition, the Court's review and determination of objections filed pursuant to Civil Local Rule 72-3(a) shall be upon the record of the proceedings before the Magistrate, except when the Court grants a motion for expansion or addition to the record or for an evidentiary hearing. Id. at 72-3(c).

The party requesting fees "bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." Gates v. Rowland, 39 F.3d 1439, 1449 (9th Cir. 1994). The party opposing a fee award "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." Id.

## ANALYSIS

### A. Fee Award

United States District Court
For the Northern District of California

California contract law governs this case. (8/02/04 Order at 6.) Where the Court sits in diversity jurisdiction, "state law denying the right to attorney's fees or giving a right thereto . . . should be followed." MRO Communs., Inc. v. AT&T Co., 197 F.3d 1276, 1281 (9th Cir. 1999). Under California law, where a contract provides for attorneys' fees and costs, the prevailing party may recover reasonable attorneys' fees and costs incurred in an action on that contract. PLCM Group, Inc. v. Drexler, 22 Cal. 4th 1084, 1099 (2000). In the instant case, the parties' Agreement, at Paragraph 15.14, contains such an attorneys' fees clause:

> 15.14  Attorneys' Fees. If any legal action or any other proceeding is brought for the enforcement of this Agreement, or if a dispute arises under this Agreement, the successful or prevailing party shall be entitled to recover reasonable attorneys' fees and other costs incurred in that action or proceeding, in addition to any other relief to which it may be entitled.

(October 12, 2004 Declaration of David M. Given in support of Opposition to Motion for Attorneys' Fees ("Given Decl."), at Exh. A, "Merchandising License Agreement" p.19.) Because the Court entered judgment in favor of Defendants, Defendants are entitled to reasonable attorneys' fees and costs.[2] See Cal. Civ. Code § 1717(a).

**B.     Validity and Timeliness of the Parties' Objections**

Plaintiff filed its Objection to the R&R [Docket No. 96] on February 3, 2005. However, Plaintiff failed to: (1) file a motion for *de novo* determination; and (2) arrange for a transcript of the record. Defendants thus argue that Plaintiff's objections should not be considered due to these deficiencies. (Defs' Response to Plf's Objection at 2.) A failure to arrange for a transcript should not be fatal to a party's objections. Taylor v. Farrier, 910 F.2d 518, 520 (8th Cir. 1990) (party's "failure to [provide a copy of the transcript] did not relieve the district court of its statutory and constitutional obligation to make a *de novo* determination of the magistrate's findings"). Defendants further argue that Plaintiff's objections should be rejected in toto because Plaintiff's ten-day time limit to file a motion for *de novo* determination has passed. (Defs' Response to Plf's Objection at 2.) Pursuant to Rules 72(b) and 6(a), both Plaintiff and Defendants had ten days, not including intermediate Saturdays, Sundays, and legal holidays, to file a motion for *de*

---

[2]Three law firms worked on Defendants' case: (1) Coblentz, Patch, Duffy & Bass (the "Coblentz firm"), San Francisco; (2) O'Melveny & Myers, Los Angeles; and (3) Broad & Cassel, Florida.

4

*novo* determination from the date of the Magistrate's R&R. Also, pursuant to Rules 6(e) and 5(b)(2)(D), a party who receives an order by electronic means has an additional three days to submit its objections.[3]

Because the Magistrate's R&R was filed January 24, 2005, the parties had until February 10, 2005[4] to file a motion for *de novo* determination. Defendants filed a timely motion for *de novo* determination [Docket No. 97] on February 10, 2005. Plaintiff, however, has failed to file a motion for *de novo* determination, in violation of Civil Local Rule 72-3, which states that "[a]ny objection filed pursuant to [Rule] 72(b) . . . **must** be accompanied by a motion for *de novo* determination." N.D. Civil L.R. 72-3(a)(emphasis added). Plaintiff acknowledges its failure to file a motion for *de novo* determination, but requests that the Court nonetheless consider its objections to the R&R. (Plf's Response to Defs' Objections at 2 n.1.)

Plaintiff claims its failure to file a motion for *de novo* determination was based on a mistaken presumption that the R&R on attorneys' fees was on a non-dispositive matter. Id. A non-dispositive matter is governed by Civil Local Rule 72-2, which does not require a party's objections to be accompanied by a motion for *de novo* determination. N.D. Civil L.R. 72-2. However, had Plaintiff referred to Rule 54(d)(2)(D), it would have been aware that if the district court chooses to refer a motion for attorneys' fees to a magistrate judge, it is done so "under Rule 72(b) as if it were a **dispositive** pretrial matter." Fed. R. Civ. P. 54(d)(2)(D) (emphasis added). Thus, Plaintiff should have known that Civil Local Rule 72-3, and not 72-2, applied to Defendants' motion for attorneys' fees. Because Plaintiff failed to file a motion for *de novo* determination pursuant to Civil Local Rule 72-3, the Court need not consider Plaintiff's Objection to the R&R. However, this procedural error did not prejudice Defendants, who filed a fully-briefed response. In addition, Plaintiff did provide the bases for his objections in his submission to the Court. Thus, the Court will consider the merits of Plaintiff's Objection.

**C.     Defendants' Motion for *De Novo* Determination**

*1.     Florida Fees*

---

[3]When Rules 6(a) and (e) are both used to compute time, Rule 6(a) must be applied first, in order to "carry out Rule 6(e)'s function of adding time to compensate for delays in mail delivery." Lerro v. The Quaker Oats Co., 84 F.3d 239, 242 (7th Cir. 1996).

[4]Thirteen days after January 24, 2005, not including intermediate Saturdays, Sundays and holidays.

5

Defendants seek *de novo* review of the R&R only with regard to the section covering the Florida action, on pages 7-8 of the R&R. (Defs' Mot. for De Novo Reconsideration at 1 n.1.) The Magistrate recommended denying Defendants' recovery of fees for the Florida action. (Magistrate's R&R at 8.) This recommendation was based on the fact that Judge Ungaro-Benages found that Defendants improperly filed the Florida action as a means of forum shopping. (Id.) Defendants now request that this Court grant them fees and costs incurred in the Florida action.

Prior to the filing of the Florida action, and after months of negotiation, Signatures notified Estefan and EEI that it would initiate litigation if its October 9, 2003 settlement offer was rejected. (Given Decl. at Exh. B, p. 7 (January 16, 2004 Order of Florida Court).) Rather than responding, Estefan and EEI filed for declaratory relief on October 20, 2003 seeking a declaration or ruling that Estefan and EEI were not liable for repayment of un-recouped advances or, in the alternative, for rescission of the contract. (Id.) A few days later, Signatures filed the instant action seeking damages for breach of contract in this Court. (Id.) Judge Ungaro-Benages found that, although the first-to-file rule would normally suggest that the Florida action should proceed in lieu of the California action, extraordinary circumstances existed for departing from the rule. (Id. at 8.) Judge Ungaro-Benages determined that Estefan and EEI had filed the action "improperly" in anticipation of litigation and despite Signatures' good-faith attempts at settlement. (Id.) The Court therefore dismissed the Florida action.[5]

The Magistrate's refusal to award attorneys' fees for the Florida action was correct. In support of their position, Defendants cite Cabrales v. County of Los Angeles, 935 F.2d 1050, 1053 (9th Cir. 1991), in which the Ninth Circuit held that "a plaintiff who is unsuccessful at a stage of litigation that was a necessary step to her ultimate victory is entitled to attorney's fees even for the unsuccessful stage." The Ninth Circuit determined that a prevailing party is entitled to all attorneys' fees reasonably expended in pursuit of a claim, even if the party suffers some adverse rulings. Id.[6] Cabrales, however, does not hold that an "improper" step can be considered a "necessary step" to victory. Indeed, such an extension of

---

[5]The Court defers to Judge Ungaro-Benages' finding that the Defendants' Florida action was improperly filed. Hill v. City of Pontotac, Miss., 993 F.2d 422, 425 (5th Cir. 1993) (noting that judges of coordinate jurisdiction generally defer to another's ruling).

[6]In Cabrales, the prevailing party had unsuccessfully opposed a request for certiorari to the United States Supreme Court, but ultimately prevailed on remand. Id. at 1051-52.

6

Cabrales would be illogical – allowing recovery of attorneys' fees for improper actions taken by a prevailing party would reward improperly multiplying the proceedings. Defendants cite to no authority suggesting that Cabrales can be extended in this way, and the Magistrate appropriately did not do so. Accordingly, the Court denies the relief Defendants request.

**D.      Plaintiff's Objection to the Magistrate's Report & Recommendation**

Plaintiff objects to the Magistrate's recommendation of: (1) pre-litigation fees; (2) fees for O'Melveny & Myers' work on Defendants' Motion to Dismiss; (3) fees for vague entries and duplicative work; and (4) fees for the Coblentz firm in responding to Plaintiff's discovery requests.

*1.      Pre-litigation Fees*

The Magistrate recommended an award of $13,110.75 in attorneys' fees. (R&R at 7.) Plaintiff argues that the pre-litigation attorneys' fees awarded for Broad & Cassel's work should be reduced. (Plf's Objection at 1-2.) Defendants, the parties seeking the award of fees, submitted evidence to the Magistrate supporting the hours worked and rates claimed. Plaintiff asserts, and the Magistrate recognized, that many of Defendants' pre-litigation entries were too vague to determine whether they merited an award of attorneys' fees. (R&R at 7.) The Magistrate's solution was to reduce the $14,567.50 loadstar amount (reasonable number of billed hours multiplied by reasonable fees) by 10%, or $1,456.75, resulting in the award of $13,110.75. Plaintiff asserts that this reduction is insufficient, and requests a $6,180 reduction from the amount requested by Defendants ($15,474.00), or a total pre-litigation award of $9,294 in attorneys' fees. (Plf's Objection at 2.) Plaintiff supports its requested deduction by asserting that the entries for work performed on the following days failed to identify the subject matter of the work:

> 2/27/03, 3/7/03, 3/8/03, 3/12/03 (2 entries), 3/13/03, 3/19/03, 3/20/03, 3/25/03, 5/7/03, 5/8/03 (2 entries), 5/9/03, 5/12/03 (2 entries), 5/14/03, 5/16/03, 5/19/03 (2 entries), 6/4/03 (2 entries), 6/6/03, 6/12/03, 6/13/03, 6/25/03, 7/8/03 (2 entries), 7/14/03, 7/16/03, 7/18/03 (2 entries), 7/21/03, 7/22/03, 7/25/03, 7/28/03, 7/29/03, 7/30/03, 8/4/03, 8/5/03, 8/7/03 (2 entries), 8/11/03 (2 entries), 8/12/03 and 8/14/03.

(Declaration of Jennifer Marone in Opposition to Defendants' Motion for an Award of Attorneys' Fees and Costs, ("Marone Decl.") at ¶ 14.) Marone apparently refers to time entries attached to the declaration of Karen Stetson filed in Support of Defendants' Amended Motion for Attorneys' Fees and Costs ("Stetson Decl."). At Exhibit "A" of Stetson's declaration is a spreadsheet of costs incurred from 2/27/03

7

through 8/23/04. In her declaration, Stetson (who is a partner at Broad & Cassel) asserts that she billed out at $335 per hour, and that her associate Meredith Frank billed out at $210 per hour. Stetson is a graduate of the University of Miami School of Law and has practiced primarily in the areas of commercial and intellectual property litigation in federal and state courts in Florida. (Stetson Decl., ¶ 4 & Exh. A at 9.)[7]

On the following dates, Stetson made time entries that merely refer to telephone conferences she had and/or e-mails or letters she reviewed, without providing any identification of the subject matter of those communications:

> 2/27/03 (0.4 hrs), 3/13/03 (0.2 hrs) 3/19/03 (0.7 hrs), 3/25/03 (0.4 hrs), 5/7/03 (0.3 hrs), 5/9/03 (0.3 hrs), 5/12/03 (1.1 hrs (total for 2 entries)), 5/14/03 (0.1 hrs), 5/16/03 (0.5 hrs), 5/19/03 (0.6 (total for 2 entries)), 6/4/03 (0.5 (total for 2 entries)), 6/6/03 (0.3 hrs), 6/12/03 (0.3 hrs), 6/13/03 (0.8), 6/25/03 (0.2 hrs), 7/8/03 (0.4 hrs (total for 2 entries)), 7/14/03 (0.3 hrs), 7/16/03 (0.6 hrs), 7/18/03 (0.9 hrs (total for 2 entries)), 7/21/03 (0.4 hrs), 7/22/03 (0.1 hrs), 7/25/03 (0.3 hrs), 7/28/03 (0.4 hrs), 7/29/03 (0.1 hrs), 7/30/03 (0.1 hrs), 8/4/03 (0.3 hrs), 8/5/03 (0.8 hrs), 8/7/03 (0.3 hrs (total for 2 entries)), 8/11/03 (0.3 hrs (total for two entries)), 8/12/03 (0.2 hrs), and 8/14/03 (1.0 hrs).

(Stetson Decl., Exh. A at 1-2.)[8] While in her declaration Stetson asserts that "the substance of some of the time entries has been redacted to protect against undue disclosure of work product or attorney-client communications," Stetson fails to include even general descriptions of the subject matter of these communications. (Id. at ¶ 7.)

In addition on 3/7/03 (0.2 hrs) Stetson "[r]eview[ed] memorandum from R. Dopico; Memorandum to Meredith Frank re: same." (Id., Exh. A at 1.) On 3/12/03 (0.3 hrs.) Stetson "[r]eview[ed] memorandum from M. Frank; Telephone conference with R. Dopico re: same." (Id.) Stetson does not identify the subject matter of either memoranda, and the topic of the telephone conference merely refers to one of the unidentified memoranda. On 5/8/03 (0.5 hrs), Stetson had an "inter-office conference with Meredith Frank; Review cases." (Id.) Again, the subject matter of the conference or the cases reviewed are not identified. On 3/20/03 (0.8 hrs), Stetson had a "[t]elephone conference with R. Dopico; Review Contract." Stetson fails to identify which contract she is referring to, and fails to identify the subject matter of the telephone conference.

---

[7] Plaintiff appears to use these rates in calculating its requested reduction.

[8] These entries total 13.2 hours.

On 3/8/03 (1.2 hrs) and on 3/12/03 (0.8 hrs) Meredith Frank conducted legal research and prepared a memorandum on that research, but does not identify, even in general terms, the subject matter of that research.  (Id.)  On 5/8/03 (3.5 hrs), Frank "[r]eview[ed] demand letter and Merchandising License Agreements; Legal research; analysis of case law on same."  While reviewing the demand letter and merchandising license agreements are compensable, Frank does not identify the subject matter of her legal research and analysis.

The total time billed by Stetson for these vague entries is 15.0 hours.  Multiplying 15.0 by Stetson's billing rate of $335/hour totals $5,025.  The total time for vague entries by Frank is 5.5 hours.  However, the Court deducts 1.75 hours from this total for Frank's review of the demand letter and merchandising license agreements on 5/8/03 (or half the 3.50 hours spent for completion of two of the four tasks listed that day).  Thus, multiplying Frank's billing rate of $210/hour by 3.75 hours totals $787.50.  Fees incurred by Stetson and Frank based on these vague entries total $5,812.50.  Pursuant to Plaintiff's request, this amount will be deducted from the $15,474.00 requested by Defendants for pre-litigation fees, resulting in a pre-litigation fee award of $9,661.50.

### 2. *Fees incurred by O'Melveny & Myers on Defendants' Motion to Dismiss*

The Magistrate awarded Defendants fees for time spent on their withdrawn Motion to Dismiss.  (Magistrate's R&R at 9-10.)  Plaintiff objects to a fee award for O'Melveny & Myers' ("OMM") efforts on the Motion to Dismiss because it claims it was not a necessary step to Defendants' ultimate victory.  (Plf's Objection at 2-4.)

Although the Ninth Circuit has held that a court is empowered to grant attorneys' fees for a motion even if it is denied (see Cabrales, 935 F.2d 1053), here, the Court was not provided an opportunity to evaluate the merits of Defendants' motion.  Compensating a party for filing and withdrawing motions would encourage frivolous filings.  The Court is particularly wary of granting fees for Defendants' Motion to Dismiss given that it relied in part on the argument that the "first to file rule" favored transfer to Florida, despite the fact that Judge Ungaro-Benages found that Defendants' Florida action was improperly filed as an attempt to forum shop.  Accordingly, the Court finds that Defendants are not entitled to a fee award for OMM's efforts on the Motion to Dismiss.

Where calculation of the precise reduction is difficult or cumbersome, the district court may use a

9

reasonable fixed reduction rather than perform an item-by-item accounting.  See Role Models America, Inc. v. Brownlee, 353 F.3d 962, 973-974 (D.C. Cir. 2004).   Although it is difficult to ascertain precisely how much was spent by OMM on the Motion to Dismiss, based on the Court's review, it appears that approximately 1/3 of the time spent by OMM was in connection with the Motion to Dismiss.  Therefore, the Court reduces OMM's award of attorneys' fees by 33%.

### 3.     *Attorneys' Fees for Work in the California Action*

The Magistrate recommended that Defendants recover: (1) $54,181.50 for OMM's work on the California action; (2) $19,844.75 in attorneys' fees for Broad & Cassel's work on the California action; and (3) $84,719.50 in attorneys' fees for the Coblentz firm's work on the California action.  (R&R at 14, 16, & 18.)

Plaintiff requests a 20% reduction of these amounts for each of Defendants' three firms.  (Plf's Objection at 4-8.)  Plaintiff requests the reduction because entries relating to Defendants' attorneys' inter-office and intra-office conferences were "redacted, vague, or consisted of block billing" thus making it "impossible to tell from the bills what the nature of the work was."  (Plf's Objections, 4.)  Plaintiff is correct that many of the entries for these inter-office and intra-office conferences are too vague to support an award of attorneys' fees.  Defendants, as the party requesting fees, "bear[] the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." Gates, 39 F.3d at 1449.

####     a.     **O'Melveny & Myers**

OMM employed four attorneys on this case.  Robert C. Welsh is a partner of OMM who is a graduate of UCLA Law School and has practiced primarily in the area of commercial litigation in federal and state courts in California.  (Declaration of Robert C. Welsh ("Welsh Decl."), ¶ 3.)  He supervised associates Erika Frick, Paul Davies and Pratheepan Gulasekaram.  (Id., ¶ 4.)  It is unknown, based upon the information provided, the years of experience for these attorneys, or the relevant experience of the associates.  Welsh billed 35.8 hours, Davies billed 121.85 hours, Gulasekaram billed 71.15 hours, and Frick billed 0.15 hours to this action, for a total of 228.95 hours.  (Id., ¶ 8.)  Welsh's billable rate was $480/hour in 2003 and $525 in 2004.  Frick's rate was $390/hour.  (Id., ¶ 3.)  Both Davies and Gulasekaram's rate was $280 in 2003 and $345 in 2004.  (Id., ¶ 4.)

OMM's records contain significant redactions that prevent the Court from ascertaining the basis of many of the fees. For example, on 11/6/03, Davies billed 4.45 hours to a "[t]elephone conference with B. Welsh regarding research results; further research regarding [redaction]; research draft letter to K. Stetson regarding [redaction.]"[9] (Errata to Declaration of Ricardo J. Dopico in Support of Defendants' Amended Motion for Attorneys' Fees, Exh. A. ("Dopico errata").) On 1/7/03, Welsh billed 1.55 hours to "review and revise letter [redaction]; electronic communication with K. Stetson regarding [redaction.]" While the Court recognizes that confidentiality is essential, the failure to provide even a general description of the subject matter renders it impossible to assess the reasonableness of many of OMM's entries. In addition, many of these entries consist of "block-billing," where all of the tasks billed to a case on a particular day are lumped together and the time spent on each individual task is not delineated. (See, e.g., Dopico Errata, Exh. A at entry on 11/14/03 by Davies.) Thus, the Court finds that a fixed reduction, rather than an item-by-item accounting, is appropriate. See Role Models America, 353 F.3d at 973-974. Accordingly, in addition to the reduction of OMM's fees granted supra, the Court grants Plaintiff's request for an additional 20% reduction of the Magistrate's recommended award of $54,181.50 for OMM's attorneys' fees.

### b.   Broad & Cassel

The Court also reduces the recommended amount of attorneys' fees for work performed by Broad & Cassel. As stated supra, Stetson is a graduate of the University of Miami School of Law and has practiced primarily in the areas of commercial and intellectual property litigation in federal and state courts in Florida. (Stetson Decl., ¶ 4.) In addition, Patricia Anzalone, Thomas Rebull, and Meredith Frank billed time to this action. (Id., Exh. A at 9.)[10] Plaintiff is correct that many of Broad & Cassel's entries are too vague to determine the subject matter of the work. For example, on 10/30/03, attorney Stetson billed time to "[t]elephone conference with Ric Dopico." Stetson fails to identify, in even general terms, the subject matter of the conference. Such entries permeate Broad & Cassel's entries. (see, e.g., entries on 11/6/03, 11/7/03, 11/10/03, 11/11/03, 11/14/03, 11/14/03, 11/21/03, 12/4/03, 12/18/03, 1/7/04.) Because these

---

[9] Indeed, OMM's bills were totally devoid of any information identifying the subject matter of many of the tasks and conferences. (see, e.g., Dopico Errata, Exh. A, entries on 11/10/03, 11/21/03, 11/26/03, 12/2/03, 12/8/03.)

[10] The qualifications of these attorneys are not provided.

11

entries are numerous, the Court finds that Plaintiff's request for a 20% reduction from the recommended attorneys' fees award of $19,844.75 is appropriate.

### c. **Coblentz firm**

The Court also reduces the recommended attorneys' fees award for the Coblentz firm. The Coblentz firm employed two attorneys on this case: Jeffrey Knowles is a partner who has practiced for 16 years. (Declaration of Jeffrey Knowles in Support of Defs' Amended Motion for Attorneys' Fees ("Knowles Decl."), ¶ 3.) He is a 1987 graduate of Hastings College of Law, where he graduated *summa cum laude*, and subsequently served as a law clerk for the Honorable Eugene Lynch. (Id.) His practice focuses on commercial and intellectual property litigation, with a particular emphasis in the music industry. (Id.) Clinton Todd is a 2000 graduate of Northwestern School of Law of Lewis and Clark College. (Id. at ¶ 6.)

Knowles spent approximately 174 hours working on the California action, while Todd spent approximately 162 hours. (Knowles Decl., Exh. A.) Plaintiff is correct that many of the entries on the Coblentz firm's bills are too vague to determine the subject matter of the work. For example, on 3/18/04, Knowles billed time to "office conference with C. Todd; telephone conference with K. Stetson" but does not identify the subject matter of the conferences. (Id.) This failure to identify, in even general terms, the subject matter of inter-office and intra-office conferences permeates Knowles' entries. (see, e.g., Knowles Decl., Exh. A, entries 3/26/04, 3/30/04, 4/16/04, 4/22/04, 5/4/04, 5/11/04, 6/9/04, 6/16/04.) Because these entries are numerous, and because the use of "block billing" makes calculation of a precise reduction difficult, the Court finds that Plaintiff's request for a 20% reduction from the recommended attorneys' fees award of $84,719.50 is appropriate.

### 4. *Fees on Fees*

Finally, Plaintiff objects to the Magistrate's recommendation that fees should be awarded for responding to Plaintiff's discovery requests regarding Defendants' motion for attorneys' fees and in filing a Reply to Plaintiff's Opposition to the motion. (Plf's Objection at 8-9.) Specifically, Plaintiff requests that the Court reduce the Magistrate's recommended award of $24,324.11 by $7,672.80, the total amount it estimates was incurred by Defendants in responding to Plaintiff's discovery requests. (Id.)

As a preliminary matter, Plaintiff states that the award should be reduced by the *total* amount spent by Defendants in responding to Plaintiff's discovery requests. Plaintiff argues that the time spent by

12

Defendants in responding to Plaintiff's discovery requests was "excessive." (Plf's Objection at 8.) However, rather than proposing a reduction in the fees for time spent responding to discovery, Plaintiff's solution is to request that fees incurred for responding to discovery be eliminated. (Plf's Objection, 8-9.) Plaintiff provides no legal authority for its position.

The Magistrate was correct in finding that the time spent by Defendants in responding to those requests was reasonable. Knowles, a partner at the Coblentz firm, spent approximately 12.4 hours working on the discovery responses, including reviewing the requests, analyzing case law regarding the availability of fee discovery, conferencing with his client and his associates regarding their preparation, revising the responses, and conferencing with opposing counsel regarding the discovery. (Supp. Declaration of Jeffrey Knowles in Support of Motion for Attorneys' Fees at Exh. K, entries on 9/9/04; 9/10/04; 9/13/04; 9/15/04; 9/17/04; 9/20/04.) Clinton Todd, an associate at the Coblentz firm, spent 11.6 hours on the discovery responses, including reviewing the discovery requests, preparing correspondence to the client regarding the discovery, preparing the responses, and conferencing with opposing counsel regarding the discovery. (Id. at entries on 9/10/04; 9/13/04; 9/14/04; 9/23/04; 10/6/04; 10/11/04.) Spending approximately 24 hours performing these tasks is reasonable.[11] Attorneys preparing discovery responses must review the requests and are entitled to research whether the discovery is appropriate. In addition, the attorneys must confer with their client regarding responses, can confer with colleagues regarding preparation of the responses, and must carefully prepare accurate responses. In addition, attorneys are required to meet and confer with opposing counsel regarding the responses. Thus, Plaintiff's request is denied.

## **CONCLUSION**

For the foregoing reasons, the Court DENIES the relief requested by Defendants and GRANTS IN PART and DENIES IN PART the relief requested by Plaintiff.

The amount of pre-litigation attorneys' fees awarded to Defendants is $9,661.50;

The amount of attorneys' fees awarded to OMM for the California action is $25,465.31;

The amount of attorneys' fees awarded to Broad & Cassel for the California action is $15,875.80;

---

[11] Plaintiff asserts, without explanation, that Defendants spent 28.1 hours in connection with the discovery responses. (Plf's Objections, 8.)

The amount of attorneys' fees awarded to the Coblentz firm for the California action is $67,775.60.

The Court otherwise concurs with the analyses and determinations of the Magistrate Judge.

IT IS SO ORDERED.

Dated: 5-25-05                                    /s/ Saundra Brown Armstrong
                                                  SAUNDRA BROWN ARMSTRONG
                                                  United States District Judge